IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FOUR SEASONS PRODUCE, INC., <br><br> Plaintiff, <br><br> - against - <br><br> BRAD'S RAW CHIPS, LLC, <br> PERGAMENT ADVISORS LLC, <br> KIMBER E. MESSNER and STEVEN J. BROWN, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** |

Plaintiff Four Seasons Produce, Inc. ("Plaintiff" or "Four Seasons"), by and through undersigned counsel, as and for its Complaint against defendants Brad's Raw Chips, LLC ("BRC LLC"), Pergament Advisors LLC ("PA LLC"), Kimber E. Messner ("Messner") and Steven J. Brown ("Brown") (BRC LLC, PA LLC, Messner and Brown collectively, "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

2. Venue in this District is based on 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiff's claims occurred in this District and some of the Defendants reside in this District.

**PARTIES**

3. Plaintiff is a Pennsylvania corporation with its principal place of business in Ephrata, Pennsylvania engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

- 1 -

4.      Defendant BRC LLC is a Pennsylvania limited liability company with its principal place of business in Pipersville, Pennsylvania engaged in the business of buying wholesale quantities of produce moved in interstate commerce, and was at all relevant times subject to licensure under the provisions of PACA.

5.      Defendant PA LLC is a New York limited liability company with its principal place of business in New York, New York engaged in business as a private equity lender and is the controlling shareholder of BRC LLC.

6.      Defendant Messner is and was an officer, manager and/or member of BRC LLC during the period of time in question and, upon information and belief, controlled the operations of BRC LLC and was in a position of control over the PACA trust assets belonging to Plaintiff.

7.      Defendant Brown is and was an officer, manager and/or member of PA LLC during the period of time in question and, upon information and belief, controlled the operations of PA LLC as they related to BRC LLC and was in a position of control over the PACA trust assets belonging to Plaintiff.

**GENERAL ALLEGATIONS**

5.      This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of PACA, 7 U.S.C. § 499e(c).

6.      Between November 22, 2016 and January 25, 2017, Plaintiff sold and delivered to Defendants goods having a value of $45,207.50, including $41,270.00 worth of produce which had been shipped or moved in interstate commerce.

7.      Defendants accepted the goods but have failed to pay for them when payment was due, despite repeated demands, and presently owe Plaintiff the principal amount of $45,207.50.

8. At the time of receipt of the produce, Plaintiff became a beneficiary of a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9. Plaintiff preserved its interest in the PACA trust in the amount of $41,270.00 by sending invoices to Defendants containing the language required by 7 U.S.C. § 499e(c)(4) and remains a beneficiary until full payment is made for the produce.

10. Defendants' failure, refusal and inability to pay Plaintiff indicate that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Make Prompt Payment)

11. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

12. Defendants received each of the produce shipments on which this action is based.

13. PACA requires Defendants to promptly tender to Plaintiff full payment for the produce received in those shipments.

14. Defendants have failed and refused to pay for the produce supplied by Plaintiff within the period specified on the faces of Plaintiffs' invoices to Defendants.

15. As a direct and proximate result of Defendants' failure to pay promptly for the produce it received, Plaintiff incurred damages in the amount of $41,270.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST BRC LLC AND PA LLC**
(Failure to Pay For Goods Sold)

16. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. Defendants failed and refused to pay Plaintiff the amount of $45,207.50 owed to Plaintiff for goods received by Defendants from Plaintiff.

18. As a direct and proximate result of Defendants' failure to pay for the goods sold, Plaintiff has incurred damages in the amount of $45,207.50, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST MESSNER**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Upon information and belief, Defendant Messner is an officer, manager and/or member who operated BRC LLC during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

21. Defendant Messner failed to direct BRC LLC to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

22. Defendant Messner's failure to direct BRC LLC to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

23. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

//

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST BROWN
(Unlawful Dissipation of Trust Assets by a Corporate Official)

24. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25. Upon information and belief, Defendant Brown is an officer, manager and/or member who operated PA LLC during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

26. Defendant Brown failed to direct PA LLC and BRC LLC to fulfill their respective statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

27. Defendant Brown's failure to direct PA LLC and BRC LLC to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

28. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST BRC LLC AND PA LLC
(Breach of Contract)

29. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 28 above as if fully set forth herein.

30. The BRC LLC and PA LLC received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

31. Plaintiff's invoices to BRC LLC and PA LLC constitute valid and enforceable agreements between the parties.

32. BRC LLC and PA LLC breached the agreements between the parties by failing to timely remit payment for the goods they received from Plaintiff.

33. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

34. As a direct and proximate result of the breach of contract by BRC LLC and PA LLC, Plaintiff has suffered damages in the amount of $45,207.50, plus interest from the date each invoice became past due.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST PA LLC
(Unlawful Retention of Trust Assets)

35. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 34 above as if fully set forth herein.

36. Upon information and belief, proceeds from the sale of produce or products derived from produce were transferred from BRC LLC to PA LLC.

37. These transfers were made in breach of the PACA trust.

38. Upon information and belief, PA LLC continues to hold any and all proceeds from the sale of produce or products derived from produce, or assets acquired with those funds, having come into its possession, as trustee for Plaintiff.

39. Plaintiff has been damaged in the amount of $41,270.00 as a direct and proximate result of PA LLC having retained the proceeds from the sale of produce or products derived from produce, or assets acquired with those funds, without delivery to Plaintiff.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
(Interest and Attorneys' Fees)

40. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 39 above as if fully set forth herein.

41. PACA, the agreements between the parties and Plaintiff's invoices to Defendants entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

42. As a result of Defendants' continued failure to make full payment promptly in the amount of $45,207.50, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

A. On the first cause of action, judgment against all Defendants, jointly and severally, in the amount of $41,270.00 under the trust provisions of PACA;

B. On the second cause of action, judgment against the BRC LLC and PA LLC, jointly and severally, in the amount of $45,207.50;

C. On the third cause of action, judgment against Messner in the amount of $41,270.00 under the trust provisions of PACA;

D. On the fourth cause of action, judgment against Brown in the amount of $41,270.00 under the trust provisions of PACA;

E. On the fifth cause of action, judgment against BRC LLC and PA LLC, jointly and severally, in the amount of $45,207.50;

F. On the sixth cause of action, judgment against all PA LLC in the amount of $41,270.00 under the trust provisions of PACA;

G. On the eighth cause of action, judgment against all Defendants, jointly and severally, for prejudgment interest, costs and attorneys' fees; and

//

H. Such other and further relief as the Court deems just and proper.

Dated: March 6, 2017 Respectfully submitted,

EUGENE J. MALADY, LLC

By: /s/ Eugene J. Malady
Eugene J. Malady
211 North Olive Street, Suite 1
Media, Pennsylvania 19063
Phone: (610) 565-5000
emalady@ejmcounselors.com